[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Norwest Mortgage, Inc., moves to strike the three special defenses filed by defendant, Betty Ogden, in this foreclosure action. CT Page 9949
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
 I
The first special defense alleges that the plaintiff acted in a commercially unreasonable manner. Specifically, the defendant avers that the plaintiff made an arrangement in June 1998 for payment of $3600 to resolve a mortgage debt delinquency, that the defendant paid the plaintiff $3600, but that the plaintiff then sought foreclosure anyway. The plaintiff contends that, even if true, these facts are immaterial to the present action because the foreclosure complaint is based on an allegation of delinquency arising in September 1998, three months after the June 1998 resolution. The court agrees.
The plaintiff makes no claim of default before September 1998. Any arrangement to rectify or eliminate a previous default has no bearing on the claim of default in September 1998.
 II
The second special defense claims that the plaintiff ought to be estopped from pursuing foreclosure because it refused to accept a $750 mortgage payment in December 1998. The plaintiff also argues that these allegations are immaterial because the plaintiffs action is based on a default in September 1998 and an acceleration of the entire debt because of that default which amounted to $76,906.69. The court again agrees with the plaintiff. The defendant cites no authority for the proposition that a mortgagee must accept partial payments after default or be barred from seeking the remedy of foreclosure.
 III
The third special defense is vague and conclusory. It states that the plaintiff broke unspecified premises through negligence. No facts are pleaded as to manner in which the plaintiff was negligent nor as to the nature of the promises. This pleading fails to set forth a cognizable defense.
For these reasons, the motion to strike the three special CT Page 9950 defenses is granted.
Sferrazza, J.
[EDITORS' NOTE: The case contained on this page is now located on Pages 9789 — 9790] CT Page 9951